IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN LAWRENCE #267123, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) No. 3:24-cv-01329 |
| FRANK STRADA, *et al.*, | ) Judge Trauger |
| Defendants. | ) Magistrate Judge Holmes |

# ORDER

Plaintiff John Lawrence, an inmate of the Morgan County Correctional Complex in Wartburg, Tennessee, filed this pro se prisoner civil rights action. (Doc. No. 1). Plaintiff sought pauper status (Doc. No. 2), class certification (Doc. No. 3), an amendment to complaint (Doc. No. 6), and the appointment of counsel (Doc. No. 8).

On December 16, 2024, Plaintiff filed a Motion to Dismiss (Doc. No. 9), in which he states that he desires to dismiss this action as "the Tennessee Department of Correction[] is currently restructuring the MAT program in precisely the manner Plaintiff(s) were requesting relief" and "said prisoner rights violations no longer exist." (*Id.* at PageID# 68).

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the Plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Here, no defendants have been served yet. Based on the representations by Plaintiff in his Motion to Dismiss, the court finds that Plaintiff's request to voluntarily dismiss this action is proper.

Accordingly, Plaintiff's Motion to Dismiss (Doc. No. 9) is **GRANTED**, and this action is hereby **DISMISSED WITHOUT PREJUDICE**.[1]

Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. No. 2) and all remaining pending motions (Doc. Nos. 3, 6, 8) are **DENIED AS MOOT**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

[1] "District Courts have broad discretion to attach conditions to voluntary dismissals under Rule 41(a)(2)." *Duffy v. Ford Motor Co.*, 218 F.3d 623, 633 (6th Cir. 2000). A voluntary dismissal may be conditioned on the plaintiff being prejudiced to re-file his action. Imposition of this condition is appropriate when "the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Here, no defendants have been served yet. Thus, defendants have not incurred any expenses or taken any efforts to defend against the claims raised in this case. Plaintiff has provided a sufficient explanation for the need to take a dismissal. The court finds that no conditions should be attached to the voluntary dismissal.